UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

MARTIN RAY TWIST, MARTIN TWIST )
ENERGY COMPANY, LLC, CHEROKEE )
ENERGY COMPANY, LLC and JOERHEA )
BEASLEY d/b/a JOERHEA REALTY, LLC, )
                                                                  )
              Plaintiffs, )
                                        ) CASE NO. 4:08-cv-0075-DFH-WGH
     v. )
                                                   )
THERESA LENSKI, )
                                                   )
              Defendant. )

ENTRY ON MOTION TO STAY PROCEEDINGS

      Defendants have moved for this court to stay this case pursuant to the doctrine of *Colorado River* abstention. See *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). There is a previously filed state court action between these parties pending in a West Virginia state court. That court has had under advisement several issues related to whether the parties' claims against each other are subject to a valid agreement for arbitration. The parties have been in close contact with the court (through Magistrate Judge Hussmann), and it is clear that all anticipate a ruling in the near future from the West Virginia state court where these issues were first presented.

      The Seventh Circuit has identified ten factors relevant to Colorado River abstention. See *Sverdrup Corp. v. Edwardsville Community Unit School District*

*No. 7*, 125 F.3d 549, 549-50 (7th Cir. 1997). In this case, the court has considered those ten *Colorado River* factors. The most relevant here are the need to avoid piecemeal litigation, the order of filing, the ability of the state action to protect the federal plaintiffs' rights, and the relative progress of the actions. The West Virginia state court action was filed first and had progressed further in general and on the specific issues before the abstention issue became ripe here. The court is confident that the state court action can protect plaintiffs' rights, and it makes little sense for this court to step in and try to catch up with the state court in evaluating the arbitratibility issues. Also relevant as factors are the facts that the federal plaintiffs could have removed the state court action but did not, that the federal and state courts have concurrent jurisdiction here, and that the validity of the arbitration agreement appears likely to be governed by state contract law. See *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996) (state law may be applied to contracts governed by Federal Arbitration Act if state law "arose to govern issues concerning the validity, revocability, and enforceability of contracts generally").

Under the circumstances, the court concludes that a temporary stay is appropriate to allow the West Virginia court to rule on the arbitration issues. This ruling is without prejudice to any party's right to move to vacate the stay if, for example, that ruling is delayed unduly. Defendant's motion for abstention (Dkt. No. 17) is therefore granted, and this action is stayed, pending further action by

the state court. Any party may move at any time to vacate this stay in light of developments (or the lack thereof) in the state court action.

So ordered.

Date: September 21, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Bryan J. Dillon
bjdatty@aol.com

Thomas Patrick O'Brien III
FROST BROWN TODD LLC
tobrien@fbtlaw.com

Joshua Taylor Rose
FROST BROWN & TODD, LLC
jtrose@fbtlaw.com

Cory J. Skolnick
FROST BROWN TODD LLC
cskolnick@fbtlaw.com