UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MARTIN RAY TWIST, <br> MARTIN TWIST ENERGY COMPANY, LLC, <br> CHEROKEE ENERGY COMPANY, LLC, <br> JOERHEA BEASLEY, d/b/a JOERHEA REALTY, LLC, <br><br> Plaintiffs, <br> v. <br><br> JOHN BENGFORT, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 4:08-cv-74-SEB-WGH |
| MARTIN RAY TWIST, <br> MARTIN TWIST ENERGY COMPANY, LLC, <br> CHEROKEE ENERGY COMPANY, LLC, <br> JOERHEA BEASLEY, b/b/a JOERHEA REALTY, LLC, <br><br> Plaintiffs, <br> v. <br><br> THERESA LENSKI, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 4:08-cv-75-TWP-WGH |

**MAGISTRATE JUDGE'S ORDER ON PLAINTIFFS'
MOTION TO LIFT STAY OF PROCEEDINGS**

These matters are before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiffs' Motion to Lift Stay of Proceedings filed December 24, 2010. (Docket Nos. 34-35 in Cause No. 4:08-cv-74-SEB-WGH ("the 74 Case"); Docket Nos. 50-51 in Cause No. 4:08-cv-75-TWP-WGH ("the 75

Case"). Defendants filed their Joint Brief in Opposition to Plaintiffs' Motion to Lift Stay of Proceedings on January 14, 2011. (Docket No. 40 in the 74 Case; Docket No. 59 in the 75 Case). The Plaintiffs' Reply to Defendants' Joint Brief in Opposition to Plaintiffs' Motion to Lift Stay of Proceedings was filed January 28, 2011. (Docket No. 43 in the 74 Case; Docket No. 62 in the 75 Case).

**Factual Background**

In September 2009, this court granted the Defendants' Motion to Stay Proceedings under the *Colorado River* abstention doctrine. (*See* Docket No. 37 in the 75 Case; Docket No. 23 in the 74 Case).

The factual background in these cases, as taken from the Defendants' brief, accurately lays out the status of these cases and is adopted, in significant part, as follows:

**A. West Virginia Action**

On October 30, 2007, John Bengfort ("Bengfort") and Theresa Lenski ("Lenski") filed suit against the Plaintiffs in these matters – Martin Ray Twist, Martin Twist Energy Company, LLC, Cherokee Energy Company, LLC and JoeRhea Beasley (d/b/a JoeRhea Realty, LLC) (hereafter "Twist") – and two other parties[1] in the Circuit Court of Kanawha County, West Virginia. (*See* W.Va. Order (Circuit Court of Kanawha County, W.Va.) filed Nov. 18, 2010) ("the

---

[1] One of these two parties, Blue Flame Energy Company, LLC, is a defendant in the West Virginia action, but is not among the Plaintiffs in this action. The other party is not identified by either Twist, Bengfort, or Lenski.

W.Va. Order") – Docket No. 30 in the 74 Case; Docket No. 46 in the 75 Case). Bengfort and Lenski's claims against Twist and the other defendants in the West Virginia action arise out of their participation in an alleged fraudulent oil and gas investment scam. Twist allegedly induced more than 250 individuals, including Bengfort and Lenski, to invest in certain oil and gas ventures through what are described as material misrepresentations and omissions related to Twist's sale of unregistered and unqualified securities. Among other things, Twist entertained potential investors, including Bengfort and Lenski, on a personal tour of purported gas drilling sites in West Virginia that were the subject of the offered investment. Bengfort and Lenski each invested more than $100,000 in the venture. Bengfort and Lenski have sought remedies from the West Virginia state court, including various accountings, an injunction, and money damages. Moreover, Bengfort and Lenski recently moved for leave to amend the West Virginia state court Complaint to assert, among other things, a remedy of rescission. The West Virginia court granted that motion. (*See* W.Va. Order at 1-2).

Twist filed a Motion to Dismiss the West Virginia Complaint based on the exact same arguments that Twist seeks to prosecute in this court. Twist contends before the West Virginia court that Subscription Agreements executed by Bengfort and Lenski require them to arbitrate their claims against Twist in Indiana. (*See* W.Va. Order at 1; Plaintiffs' Brief at 3).

On November 18, 2010 – after reviewing all briefing by the parties on arbitration and conducting oral argument on those issues that lasted more than an hour – the West Virginia court issued an Order denying Twist's Motion to Dismiss the West Virginia action. (*See generally* W.Va. Order). The West Virginia court denied the Motion to Dismiss on grounds that Bengfort and Lenski's claims of fraud in the inducement, rescission, and unconscionability *under West Virginia state law* make dismissal for arbitration inappropriate "at this stage." (W.Va. Order at 2). The West Virginia court denied Twist's Motion to Dismiss "without prejudice" and with a further instruction that discovery "be limited to the issue of the conditions related to the Subscription Agreements and Plaintiffs' [Bengfort and Lenski's] claims for fraud related thereto." (*Id.* at 2-3). Thus, the W.Va. Order plainly reads as a denial of Twist's Motion to Dismiss at this current time, with an instruction that the parties engage in the types of discovery required to adjudicate Bengfort and Lenski's allegations that the contracts at issue were induced by fraud. There is nothing to preclude Twist from renewing the arbitration claims before the West Virginia court in the future.

Twist never indicated to the West Virginia court that it is an improper or inadequate forum in which to adjudicate the arbitration issues. Twist did not plead to the West Virginia court that a state or federal court in Indiana must adjudicate the arbitration issues that it just decided. And despite the presence of diversity jurisdiction, as pleaded by Twist in the Complaint before this court,

Twist has not sought to remove the action from West Virginia state court to federal court. (*See* Complaint ¶ 25).

Moreover, there is no evidence in the record that Twist has ever asked the West Virginia court to stay their action pending proceedings in this court. Rather, Twist was content to prosecute their arbitration defense before the West Virginia court while simultaneously seeking the same basic relief in this court.

**B.     Proceedings in this Court**

On May 16, 2008, nearly seven months after the West Virginia action was filed and while still prosecuting their arbitration claims in West Virginia, Twist filed their Complaint in this court. (Complaint). It is undisputed that Twist's claims here, including enforceability of the purported arbitration clauses in question, are precisely the same as the arbitration issues that Twist prosecuted in their Motion to Dismiss before the West Virginia court and that are the subject of discovery in West Virginia.

In September 2008, Bengfort and Lenski moved this court to stay their proceedings under the *Colorado River* abstention doctrine in light of the West Virginia court's pending consideration of the arbitration issues. (Motion to Stay and Memorandum in Support – Docket Nos. 11-12 in the 74 Case; Docket Nos. 17-18 in the 75 Case). After reviewing briefing from both sides, this court entered orders staying Twist's claims in light of the West Virginia proceedings. On September 21, 2009, the court entered an order staying the proceedings in

the Lenski case under the *Colorado River* abstention doctrine. The court explained:

> The Seventh Circuit has identified ten factors relevant to Colorado River abstention. In this case, the court has considered those ten *Colorado River* factors. The most relevant here are the need to avoid piecemeal litigation, the order of filing, the ability of the state action to protect the federal plaintiffs' rights, and the relative progress of the actions. The West Virginia state court action was filed first and had progressed further in general and on the specific issues before the abstention issue became ripe here. The court is confident that the state court action can protect plaintiffs' rights, and it makes little sense for this court to step in and try to catch up with the state court in evaluating the arbitrability issues. Also relevant as factors are the facts that the federal plaintiffs could have removed the state court action but did not, that the federal and state courts have concurrent jurisdiction here, and that the validity of the arbitration agreement appears likely to be governed by state contract law.

(Order at 1-2 – Docket No. 37 in the 75 Case)(italics in original; case citations omitted). On September 30, 2009, the court in the companion action against Bengfort stayed the proceedings in his matter "[f]or the same reasons and in the same terms" quoted above. (Order – Docket No. 23 in the 74 Case). The court stayed the actions "without prejudice to any party's right to move to vacate the stay if, for example, [the West Virginia] ruling is delayed unduly." (Order at 2 – Docket No. 37 in the 75 Case).

For more than a year following this court's Orders staying both cases, and while awaiting a ruling on the arbitration issues by the West Virginia court, Twist had not moved this court to lift the stay. Then, on December 24, 2010, Twist filed a combined motion to lift the stay in both the Bengfort and Lenski

matters. (Motion to Lift Stay and Memorandum in Support – Docket Nos. 34-35 in the 74 Case; Docket Nos. 50-51 in the 75 Case). Twist waited until *after* the West Virginia court denied their Motion to Dismiss and ordered discovery before asking this court to lift the stay.

**Decision**

As Twist points out, abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 813 (1976). The court agrees that this doctrine is an extraordinary and narrow exception to the duty of the district court to adjudicate a controversy properly before it. Cases from the Seventh Circuit indicate that the interest in avoiding two active lawsuits is insufficient by itself to deprive a litigant of access to federal court. *Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717-18 (7th Cir. 1982).

The application (and in these cases a second consideration) of the *Colorado River* doctrine requires a two-part test. First, a federal district court must determine whether the concurrent state and federal actions are actually parallel. *Tyrer v. City of South Beloit, Ill.,* 456 F.3d 744, 751 (7th Cir. 2006). Secondly, once it is established that the suits are parallel, the court then considers a number of nonexclusive factors that might support abstention. The Seventh Circuit has considered as many as ten factors when performing a *Colorado River* analysis:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 701 (7th Cir. 1992)(internal quotations omitted); *Tyrer,* 456 F.3d at 754 (*quoting Caminiti*); Order (Docket No. 37 in the 75 Case)(*citing Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7,* 125 F.3d 549, 549-50 (7th Cir. 1997)).

**Issue 1:    Are these cases "parallel?"**

The Magistrate Judge concludes that one of the issues in the West Virginia state court action and the sole issue in these federal actions is whether Bengfort and Lenski's claims against Twist must be arbitrated. The issues are identical, or nearly so, and meet the test for being "parallel."

**Issue 2:    Balancing the Other Relevant Factors.**

In reviewing the nonexclusive factors often listed, the Magistrate Judge would note the following:

1. There is no "property" over which any state has assumed jurisdiction alleged in this action. It should be noted that the Complaint filed in West Virginia alleges that investments which Bengfort and Lenski believed they were investing in involved gas wells to be drilled in West Virginia and included a tour of those potential Vest Virginia sites.

2. With respect to the inconvenience of the federal forum, no party has suggested that the Indiana federal forum is either more or less inconvenient than the West Virginia state court forum. It should be noted that Martin Twist alleges that he is currently a resident of Florida and was previously a resident of Kentucky. Plaintiff Beasley is a resident of Kentucky. Bengfort and Lenski are residents of Colorado.

3. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *LaDuke v. Burlington Northern R. Co.,* 879 F.2d 1556, 1560 (7th Cir. 1989). In these cases, the same issue – namely, the arbitrability of the agreements signed by the Plaintiffs and Defendants – are at issue in separate courts. The West Virginia court has addressed the arbitration issue, and the parties have been ordered to begin discovery on whether the arbitration agreements at issue were fraudulently induced. If this court were to lift its stay of proceedings, this court would need to consider exactly the same analysis that the West Virginia court has completed. To do so would either reach the same result – duplicating efforts and expense – or would reach an inconsistent result. At this stage in the West Virginia litigation (where a Motion to Dismiss has been denied), Twist continues to have an ability to raise appropriate defenses to that issue and to have the matter adjudicated on the merits after a complete development of the factual record. To require that same development of the factual record in this federal case would amount to undue duplication.

4. The order in which jurisdiction was obtained by the concurrent forums shows that the West Virginia forum was first obtained in these cases.

5. The source of governing law, as agreed by the parties in the various Subscription Agreements, is the Federal Arbitration Act, 9 U.S.C. § 1-16. However, as to the issue of whether the Subscription Agreements can be set aside, state law will likely determine under which circumstances rescission is allowed.

6. There has been no showing before this court that the West Virginia court is not capable of adjudicating Twist's arbitration claims. In *Zurich American Ins. Co. v. Superior Court for State of California,* 326 F.3d 816, 826 (7th Cir. 2003), the Seventh Circuit has concluded that although the FAA represents federal policy which may be vindicated by federal court, it is presumed that state courts are competent to give effect to the FAA provisions. A review of the West Virginia court's opinion shows that court recognizes the need to apply federal law with respect to the ultimate resolution of the interpretation of the Subscription Agreements, if they are not rescinded.

7. The West Virginia court has progressed through the motion to dismiss stage and has allowed the parties to commence discovery. No action has yet been taken to commence discovery or begin briefing in these cases.

8. There is no dispute that the West Virginia court has concurrent jurisdiction over the parties to this federal case.

9. Removal of the West Virginia case to federal court in West Virginia appears to have been possible based upon diversity of citizenship. Both Bengfort and Lenski allege investments of over $100,000. Bengfort and Lenski are alleged to be citizens of Colorado. None of the Plaintiffs in these cases are alleged to be citizens of Colorado. The West Virginia action apparently includes another party – Blue Flame Energy LLC – which has not been identified as having a shareholder who is a resident of Colorado. Twist did not seek removal to federal court in West Virginia.

10. There is no showing that these cases have been filed in a vexatious or contrived manner (in light of the language found in the Subscription Agreements).

**Conclusion**

The precise issue before this court – whether Bengfort and Lenski must arbitrate their claims in an Indiana court – is currently being addressed by the West Virginia court in a competent manner, and is proceeding in a manner well advanced from this court. In order to lift the current stay, a showing must be made that the West Virginia Court is an inadequate forum to resolve the issue. Although there has been a lengthy delay in West Virginia, there is no showing of inadequacy at this time. There is no material change of circumstance since this Court's stay orders found at Docket No. 37 in the 75 Case and Docket No. 23 in

the 74 Case. Therefore, the Plaintiffs' Motion to Lift Stay of Proceedings is

**DENIED.**

    **SO ORDERED.**

**Dated:** March 24, 2011

    William G. Hussmann, Jr.
    United States Magistrate Judge
    Southern District of Indiana

**Electronic copies to:**

Bryan J. Dillon
bjdatty@aol.com

Thomas Patrick O'Brien III
FROST BROWN TODD LLC
tobrien@fbtlaw.com

Cory J. Skolnick
FROST BROWN TODD LLC
cskolnick@fbtlaw.com